ARONSON et al. v. H. B. CLAFLIN CO.

(Supreme Court, Appellate Term. March 5, 1909.)

SALES (§ 418*)—FAILURE TO DELIVER—RIGHT TO DAMAGES.

The buyers, being informed at the time of the sale by the seller's agent that the seller did not have the goods, should, as they could, have then gone elsewhere and bought at about the same price; and having waited several weeks, till the market rose, they could not demand delivery, and, not obtaining it, recover the difference between the contract price and the then market price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1188; Dec. Dig. § 418.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Aronson and others against the H. B. Claflin Company. From a judgment for plaintiffs, after trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Harold B. Elgar and Gould & Wilkie (Learned Hand, of counsel), for appellant.

Spiro & Wasservogel (Isidor Wasservogel, of counsel), for respondents.

DAYTON, J. Plaintiffs sued to recover damages for failure of defendant to deliver goods alleged to have been bought May 11, 1908, as per memorandum given by defendant's general salesman, fol-

lowed by correspondence relating thereto. Defendant claimed that the price exceeded $50, no goods were delivered or accepted, no part of purchase money was paid, the memorandum was void, and that plaintiff could have obtained the goods from other merchants in this city at about the alleged sale price, on being informed that defendant did not have the goods, all before the market price thereof advanced.

Assuming that defendant's salesman had authority to make the sale, and that the memorandum was in compliance with the statute, it was nevertheless shown by a preponderance of proof that, coincidently with the memorandum, the buyer was informed that the defendant did not have the goods. On being so notified, plaintiffs should have gone elsewhere (as the testimony. shows they could have done) and purchased like goods at about the same price in the New York market. May 29th, 18 days after the claimed sale, plaintiffs wrote with legal precision to defendant what may be deemed a self-serving document, demanding delivery of goods or damages. Viewed in any aspect, this letter does not help plaintiffs' recovery; for, with knowledge that defendant could not make delivery, plaintiffs sought, notwithstanding, to await the advantage of a rising market, when they could readily have bought the goods long before May 29th at about the alleged contract price.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.